■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY CRAFTON, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 25, 1971, convicting him of criminally selling a dangerous drug in the fourth degree, upon a guilty plea, and imposing sentence. Judgment affirmed. No opinion. Shapiro, Gulotta, Christ and Benjamin, JJ., concur; Martuscello, Acting P. J., dissents and votes to reverse the judgment and to resentence defendant pursuant to section 207 and 208 of the Mental Hygiene Law (cf. *People* v. *Sczerbaty,* 37 A D 2d 428).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK DARIA, Appellant.— Appeal by defendant from (1) a judgment of the County Court, Westchester County, rendered September 18, 1970, convicting him of promoting gambling in the second degree, upon his plea of guilty, and imposing sentence and (2) an order of the same court, dated April 9, 1970, which denied his motion to suppress wiretap evidence. Order and judgment affirmed. Defendant was indicted during August or September of 1968 for criminal possession of gambling records in the first degree and promoting gambling in the second degree. The indictment and subsequent conviction resulted principally from wiretap evidence obtained pursuant to an ex parte wiretap order dated March 1, 1968. The actual surveillance occurred on March 5, 1968 through March 7, 1968. Defendant was arraigned and pleaded not guilty on September 26, 1968 and thereafter moved, pursuant to section 813-c of the Code of Criminal Procedure, to suppress the fruits of the wiretap. The motion was denied by the order under review, dated April 9, 1970, and subsequently defendant withdrew his plea of not guilty and entered a plea of guilty to the second count of the indictment in satisfaction of both counts. In our opinion, the order and judgment appealed from must be affirmed. The wiretap evidence validly obtained pursuant to court order in March, 1968 would be admissible in a trial conducted after June 19, 1968, the effective date of the Omnibus Crime Control and Safe Streets Act of 1968 (U. S. Code, tit. 18, § 2510 *et seq.*; *People* v. *Feinlowitz,* 29 N Y 2d 176; *People* v. *Iannoccone,* 29 N Y 2d 612). Munder, Acting P. J., Martuscello, Latham, Shapiro and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD FRANK LARGUE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 7, 1970, convicting him of criminal possession of a dangerous drug in the third (now fifth) degree, upon a plea of guilty, and sentencing him to an indeterminate term of imprisonment not to exceed four years. Judgment reversed, on the law, and case remitted to the Criminal Term for resentence in accordance with sections 207 and 208 of the Mental Hygiene Law. The findings of fact below are affirmed. Defendant was charged with an offense under article 220 of the Penal Law and appeared to be addicted to heroin (see Mental Hygiene Law, § 207). Accordingly, he could not be sentenced until there was compliance with sections 207 and 208 of the Mental Hygiene Law which require, *inter alia,* that the court order a physical examination to determine if the defendant is an addict and have the report of the examination before it prior to rendering judgment (*People* v. *Sczerbaty,* 37 A D 2d 428; *People* v. *Odom,* 32 A D 2d 651; *People ex rel. Ali* v. *La Vallee,* 36 A D 2d 140; *People* v. *Rosser,* 36 A D 2d 35; *People* v. *Woodward,* 36 A D 2d 1018; *People* v. *Smith,* 37 A D 2d 798). Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.